**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LEJON S. EDWARDS.,

Petitioner,

v.

Case No. 3:26-cv-2241-WWB-SJH

DUVAL COUNTY SHERIFF'S OFFICE,

Respondent.

---

**ORDER**

Lejon S. Edwards, a pretrial detainee in the Duval Pretrial Detention Facility, filed a paper titled, "Petition for Writ of Habeas Corpus ad Subjecticiendum [sic][1] Motion to Dismiss for Violating Constitutional Rights." (Doc. 1). The Court construes the pro se paper as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and preliminarily reviews the construed petition for sufficiency. Rules 1(b) and 4, Rules Governing Section 2254 Cases. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In his construed § 2241 petition, Edwards contends that he was unlawfully seized and arrested on June 24, 2024, in violation of his Fourth Amendment rights. Judicially noticed records from state court show that Edwards awaits trial on a charge of armed

---

[1] "[A] petition for writ of habeas corpus 'ad subjiciendum' is merely another name for the common law writ which was used to inquire into the cause of a person's restraint." *Williams Bey v. United States*, No. 25-00462, 2026 WL 746618, at *2 (S.D. Ala. Feb. 23, 2026) (citing *Carbo v. United States*, 364 U.S. 611, 615 (1961) and *Stone v. Powell*, 428 U.S. 465, 475 n.6 (1976)). "This common law 'Great Writ' was codified into the provisions of 28 U.S.C. § 2241." *Id*. (citations omitted). Therefore, "a petition for a writ of habeas corpus ad subjiciendum is the equivalent of a § 2241 petition for present purposes." *Id*. (citations omitted).

burglary. *State v. Edwards*, Case No. 2024-CF-6423 (Fla. 4th Cir. Ct.). In this petition, Edwards seeks dismissal of the charge of armed burglary.

A § 2241 petition is the proper means for a pretrial detainee to challenge the validity of his detention. *See Stack v. Boyle*, 342 U.S. 1, 5–7 (1951); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (explaining that a pretrial detainee in state court should file a § 2241 petition, not a § 2254 petition). Under § 2241(c)(3), a district court may grant a petition for a writ of habeas corpus when an inmate is in custody in violation of the Constitution or laws or treaties of the United States.

In his construed § 2241 petition, Edwards asks this Court to intervene in his state criminal proceeding by dismissing the armed burglary charge. "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla*., 377 F.3d 1258, 1262 (11th Cir. 2004) (referring to the *Younger v. Harris*, 401 U.S. 37 (1971), abstention doctrine). Except in "extraordinary circumstances," a federal court should "abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983).

*Younger* identified those "extraordinary circumstances" as follows: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes*, 377 F.3d at 1263 n.6. Edwards does not plausibly allege facts to support a finding under any of these three exceptions.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Edwards's petition (Doc. 1) is **DISMISSED without prejudice**.
2. A certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).
3. The Clerk is directed to terminate any pending motions and to **CLOSE** this case.

**DONE AND ORDERED** at Jacksonville, Florida, on October 20, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-5
C: Lejon Edwards, 2024-014358